IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DENNIS EARL FULBRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-03-99-W |
| | ) | |
| JUSTIN JONES, Director, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| JON COTTRIEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIV-03-125-W |
| | ) | |
| JUSTIN JONES, Director, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| JERRY HARMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIV-03-1465-W |
| | ) | |
| JUSTIN JONES, Director, | ) | |
| | ) | |
| Defendant. | ) | |

<u>SIXTH SUPPLEMENTAL REPORT AND RECOMMENDATION</u>

Before the Court is Plaintiff Cottriel's Application to Hold Defendant In Contempt

1

Pursuant to Rule 70(e) of Federal Rules of Civil Procedure filed March 27, 2013.[1] Plaintiff's Application seeks to hold Defendant Jones, the Director of the Oklahoma Department of Corrections ("ODOC"), in contempt of the injunction order previously entered in this consolidated action by District Judge West.

As support for his motion, Plaintiff alleges that "[s]ignificant portions of the meals offered by Defendant are not kosher due to lack of qualified supervision and training and/or use of non-kosher utensils during preparation/serving." Plaintiff defines "qualified kosher supervision" as "highly-competent skilled and learned Jews [who] have supervised the entire process," including "the source, preparation and service" of the meal, with "kosher utensils available for food preparation," or, alternatively, Plaintiff alleges he could be provided "prepackaged Kosher-certified foods and beverages with disposable utensils/containers for consumption."

Plaintiff further alleges that "Shabbos meals are not in compliance with the mandates of orthodox Judaism (i.e., Shabbos and holiday meals should include wine (non-alcoholic or grape juice), two loaves of bread (or rolls or whole matzos), fish and meat." Finally, Plaintiff alleges he has "had to supplement the diet provided with personal funds in order to . . . meet the nutritional requirements of a healthy diet as recommended by the ADA."

---

[1] On March 6, 2013, Plaintiff filed an Application to Hold Defendant in Contempt Pursuant to Rule 70(e) of Federal Rules of Civil Procedure. (Doc. # 194)(as docketed in Case No. CIV-03-125-W). The application was referred to the undersigned for initial proceedings. Plaintiff was notified in an Order entered March 8, 2013 (Doc. # 196)(as docketed in Case No. CIV-03-125-W) of deficiencies in his motion for contempt, and Plaintiff then filed the amended Application before the Court.

Defendant responds that Plaintiff's motion should be denied because Plaintiff is receiving a kosher diet in compliance with the Court's injunction order. Specifically, Defendant asserts that prison officials at the Oklahoma State Reformatory ("OSR") where Plaintiff is confined have made good faith efforts to comply with the injunction order, including by assigning an inmate, Mr. Gibson, to prepare the kosher meals for Plaintiff and other inmates on the kosher diet who is trained and familiar with ODOC's kosher diet protocol and who was previously assigned as the kosher food preparation worker at his previously-assigned facility, by attempting to resolve issues that arise involving inmates on the kosher diet, by preparing the kosher diet meals with separate utensils used exclusively for kosher diet meals and in an area of the prison set aside for kosher meal preparation with its own sink, and by following ODOC's approved kosher menu, which has been certified as nutritionally compliant.

Defendant's response is supported by the affidavit of OSR's Food Service Manager, Ms. Hernandez, who avers that prior to the summer of 2012 no inmate at OSR was on a Kosher diet. Response, Ex. 2 (affidavit of Ms. Hernandez). After Plaintiff and a number of other inmates on Kosher diets, including Mr. Gibson, were transferred to OSR in the summer of 2012, Ms. Hernandez avers that Mr. Gibson was assigned as the Kosher food preparation person at OSR because he had been previously trained and assigned as the Kosher food preparation person at his previously-assigned facility. Ms. Hernandez avers that she has observed and supervised Mr. Gibson and that he "appears to follow the protocols applicable to the kosher meals preparation." Further, Ms. Hernandez avers that the kosher diet meal

3

preparation at OSR "occurs in a separate area within the kitchen. Within the separate area are the utensils and other items used in the Kosher meal preparation and service, as well as a sink in which the utensils are washed." Ms. Hernandez avers that when an issue or complaint by Plaintiff has been brought to her attention she has attempted to resolve the issue within the rules and protocols related to Kosher diets, and that OSR generally "currently follows the Oct. 23, 2012 approved Kosher Diet menu except as to the day 7 Lunch and Dinner" in which an entree is substituted with boiled eggs and peanut butter." Finally, Ms. Hernandez avers that "[t]he Oct. 23, 2012 Kosher diet menu has been certified as exceeding the applicable nutritional requirements. Where it is necessary to substitute items or deviate from the approved menu additional quantities and/or larger portions are provided to meet the applicable nutritional requirements."

Defendants Response includes photographic evidence of the kosher meal preparation area at OSR, photocopies of the Kosher diet menu and ODOC's established Protocol for Kosher/Halal Menu Preparation and Serving, and daily caloric quantities for the approved kosher diet meals. Response, Exs. 4, 5.

I. Background

In January 2003, Plaintiffs Jones, Fulbright, and Cottriel, who are or were state inmates, filed separate 42 U.S.C. § 1983 actions in this Court. Jones v. Ward, Case No. CIV-03-98-A; Fulbright v. Ward, Case No. CIV-03-99-A; Cottriel v. Ward, Case No. CIV-03-125-A. In substantially identical Complaints, the Plaintiffs each alleged that his First Amendment right to freely exercise his Orthodox Judaism religion was violated by

4

Defendant Ward's refusal to grant his request for a Kosher diet. Each Plaintiff sought injunctive relief against Defendant Ward in his official capacity as ODOC Director to secure the provision of a Kosher diet consistent with the principles of Orthodox Judaism, at no cost to Plaintiffs, and that satisfied the nutritional value standards set by the American Correctional Association.

In June 2003, the actions were consolidated by former United States District Judge Alley. Case No. CIV-03-98-A (Order, June 6, 2003)(Alley, Wayne E., D.J.). The consolidated action was referred to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B). Subsequently, Plaintiff Jones was dismissed from the consolidated action as Plaintiff Jones was no longer in custody. Case No. CIV-03-98-A (Order, Aug. 11, 2003)(Alley, Wayne E., D.J.). On February 6, 2004, the remaining consolidated cases were reassigned to United States District Judge West for all further proceedings. Case No. Civ-03-99-W; Doc. # 52, Case No. CIV-03-125-W. The cases were again referred to the undersigned Magistrate Judge for further proceedings pursuant to 28 U.S.C. § 636(b)(1)(B). With the consolidated actions filed by Plaintiffs Fulbright and Cottriel, the undersigned Magistrate Judge joined a similar action filed by a third Plaintiff, Mr. Harmon, in Case No. CIV-03-1465-W.

Plaintiffs filed *pro se* motions for a preliminary injunction, and counsel was appointed to represent the Plaintiffs. Thereafter, an evidentiary hearing on the motions was conducted. In a Second Supplemental Report and Recommendation the undersigned recommended that the motions for preliminary injunction be granted. In January 2005, the recommendation was

adopted, and Defendant Ward was ordered by District Judge West to provide "these three plaintiffs a kosher diet at no cost to them until further Order of the Court." Case No. CIV-03-99-W (Order, Jan. 21, 2005)(West, Lee, D.J.); Case No. CIV-03-125-W (Order, Jan. 21, 2005)(West, Lee, D.J.); Case No. CIV-03-1465-W (Order, Jan. 21, 2005)(West, Lee, D.J.).

In an Order entered April 21, 2005, Judge West, citing 28 U.S.C. § 3626(a)(1), found that the preliminary injunction issued by the Court was "narrowly drawn, extend[ed] no further than necessary to correct the violation of the plaintiffs' right to the free exercise of their religion guaranteed by the free exercise clause of the first amendment to the United States Constitution and [was] the least intrusive means necessary to correct this violation." Based on these findings Judge West extended the preliminary injunction beyond April 25, 2005, the date on which it was set to expire. Case No. CIV-03-99-W (Order, April 21, 2005)(West, Lee, D.J.); Case No. CIV-03-125-W (Order, April 21, 2005)(West, Lee, D.J.); Case No. CIV-03-1465-W (Order, April 21, 2005)(West, Lee, D.J.).

In December 2005, Defendant Jones, in his official capacity as the Director of ODOC, was automatically substituted for former ODOC Director Ward pursuant to Fed.R.Civ.P. 25(d)(1). Case No. CIV-03-99-W (Order, Dec. 1, 2005)(West, Lee, D.J.); Case No. CIV-03-125-W (Order, Dec. 1, 2005)(West, Lee, D.J.); Case No. CIV-03-1465-W (Order, Dec. 1, 2005)(West, Lee, D.J.).

Motions for summary judgment filed by the Plaintiffs were granted by the Court, and in the Judgment entered February 8, 2006, Judge West issued a permanent injunction ordering Defendant Jones, in his official capacity as the ODOC Director, to "immediately

provide to the plaintiffs Kosher diets at no cost. Such diets shall comply with all nutritional requirements and standards currently applicable to the diets served to all other inmates in the custody of the [ODOC]." Case No. CIV-03-99-W (Judgment for Permanent Prospective Injunctive Relief, Feb. 8, 2006)(West, Lee, D.J.); Case No. CIV-03-125-W (Judgment for Permanent Prospective Injunctive Relief, Feb. 8, 2006)(West, Lee, D.J.); Case No. CIV-03-1465-W (Judgment for Permanent Prospective Injunctive Relief, Feb. 8, 2006)(West, Lee, D.J.). On July 28, 2006, the Tenth Circuit Court of Appeals dismissed the appeal of the consolidated cases based on a stipulation of dismissal filed by the parties. Cottriel, et al., v. Evans, et al., Nos. 06-6099, 06-6163 (10th Cir. July 28, 2006)(unpublished order).[2]

On September 15, 2011, Plaintiff Harmon moved for contempt. In an Order entered December 22, 2011, District Judge West made the following findings:

> Prior to the entry of judgment in this case, DOC in 2005 enacted a protocol for Kosher Menu Preparation and Serving . . . and all DOC facilities were instructed on the preparation, service and delivery of kosher meals. . . . It is undisputed that Harmon, while housed in DOC medium security prisons, received a Kosher diet in compliance with the Court's Judgment for Permanent Prospective Injunctive Relief and DOC Kosher Diet Protocol and that those correctional facilities that follow DOC policy do not violate Kosher law.

Case No. CIV-03-1465-W (Order, Dec. 22, 2011)(West, Lee, D.J.). The Court denied Plaintiff Harmon's motion for contempt, finding that Defendant Jones had taken "all reasonable steps . . . in good faith to ensure compliance with" the Court's previous Judgment

---

[2]ODOC's public records reflect that Plaintiff Fulbright was released from ODOC custody in June 2010. http://www.doc.state.ok.us/offenders/offenders.htm.

for Permanent Prospective Injunctive Relief. Id. at 4.

With respect to Plaintiff Harmon's complaint that the caloric count of the meals he received differed from those received by other inmates, the Court found that "the evidence . . . show[ed] that in January 2011, DOC updated its master Kosher menu . . . and that the daily calorie count for Kosher meals [was] 2529." Id.. The Court found Plaintiff Harmon had "presented no evidence that refute[d] this fact or that support[ed] his contention that his daily caloric intake [was] insufficient as compared to the daily caloric intake of other inmates." Id. at 4-5. The Court also ordered that its Judgment for Permanent Prospective Injunctive Relief issued on February 8, 2006, continue in force and effect. Id.

II. Standard of Review

Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." In re Dual-Deck Video Cassette Record Antitrust Litigation, 10 F.3d 693, 695 (9th Cir. 1993). In an unpublished opinion, the Tenth Circuit Court of Appeals has recognized that a defense of substantial compliance with a court order exists. Phone Directories Co., Inc. v. Clark, 209 Fed.Appx. 808, 815 (10th Cir. 2006)(unpublished op.). Further, the circuit court has stated that "[a] defendant may be absolved from a finding of civil contempt if the defendant is able to show that it complied with a reasonable interpretation of [a court] order and if the defendant's action appears to be based on a good faith and reasonable interpretation of the order. . . . [I]t is a defense to a claim of civil contempt if the Defendant takes all reasonable steps and substantially complies with the court order." Spectra Sonics Aviation, Inc. v.

Ogden City, 1991 WL 59369, * 2 (10th Cir. 1991)(unpublished op.).  See <u>In re Dual-Deck Video Cassette Recorder Antitrust Litigation</u>, 10 F.3d at 695 (concluding that "a person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the court's order")(internal quotations and brackets omitted).

In this circuit, a court's order must be interpreted "in the light of the issues and the purpose for which" the order was issued. <u>Denver-Greeley Valley Water Users Ass'n v. McNeil</u>, 131 F.2d 67, 69 (10th Cir. 1942).  In a civil contempt proceeding, the moving party must prove by clear and convincing evidence that the non-movant disobeyed a valid court order. <u>United States v. Ford</u>, 514 F.3d 1047, 1051 (10th Cir. 2008).  If the movant satisfies this burden, the burden shifts to the non-movant "to show either that he had complied with the order or that he could not comply with it." <u>Id.</u>

Title 18 U.S.C. § 3626 outlines appropriate remedies with respect to prison conditions and provides in connection with prospective relief that such

> relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

18 U.S.C. § 3626(a)(1)(A).

Plaintiff admitted at his deposition that he believed Defendant Jones was just "trying to get off as financially expedient as he can." Response, Ex. 3, at 11 (deposition page number

94). But Defendant Jones has a legitimate interest in working within his taxpayer-funded budget. Beerheide v. Suthers, 286 F.3d 1179, 1186 (10th Cir. 2002)(recognizing "prison administrators have a legitimate interest in working within a fixed budget"). This Court has previously recognized in this case that "supplying a kosher diet at no charge to these three plaintiffs and ultimately, to others who request the same as a result of sincerely held religious beliefs would most certainly impact DOC's budget and result in increased costs." Case No. CIV-03-1465-W (Order, January 21, 2005)(West, D.J.).

Defendant Jones has reasonably complied with the general terms of the injunction order, and Plaintiff has not provided clear and convincing evidence of Defendant Jones' violation of the injunction order. Defendant Jones has made more than reasonable efforts to provide adequate meals to Plaintiff that comply with acceptable kosher diet meal preparation requirements and ODOC's kosher menu preparation and serving protocol, and those meals are nutritionally adequate under current national standards, providing approximately 3000 calories per day as reflected in Defendant Jones' uncontroverted evidentiary materials. Accordingly, Plaintiff Cottriel's application should be denied.

RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's Application to Hold Defendant In Contempt Pursuant to Rule 70(e) of Federal Rules of Civil Procedure (Docs. # 194, 197) . Plaintiff is advised of the right to file an objection to this Sixth Supplemental Report and Recommendation with the Clerk of this Court by  September 18th,

2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Sixth Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Sixth Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this  29th  day of   August  , 2013.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE